IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SELECTIVE INSURANCE COMPANY :      CIVIL ACTION
OF SOUTH CAROLINA :
                               :
              Plaintiff :
       vs. :      NO.  06-03828
                               :
BEAN FUNERAL HOMES AND :
AND CREMATORY, INC., et al :
                               :
         Defendants :


<u>MEMORANDUM OPINION AND ORDER</u>


GOLDEN, J.                                               MARCH 31, 2008

        Plaintiff brought this declaratory judgment action, seeking a declaration that it has no

obligation, pursuant to a commercial general liability insurance policy ("the "Policy") issued by it to

Defendants Bean Funeral Homes and Crematory, Inc. and Bean Funeral Homes and Cremation

Services, Inc.,  to indemnify or defend those Defendants and Defendant Kevin Bean ("Bean") for the

claims asserted against them in two actions currently pending in the Court of Common Pleas of Berks

County (the "Underlying Actions"). Presently before the Court is the motion of the Plaintiff for

Judgment on the Pleadings and/or for Summary Judgment. The Court will treat the motion as one for

summary judgment under Fed.R.Civ.P. 56(c). For the reasons that follow, the motion is granted.

        Under Rule 56(c) of the Federal Rules of Civil Procedure, "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law,"  then a motion for summary judgment must be granted. The proper

inquiry on a motion for summary judgment is "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 251-52 (1986). Furthermore, "summary judgment will not lie if the dispute about a material fact is `genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id</u>. at 248.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). The nonmoving party must then "go beyond the pleadings and by its own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" <u>Id</u>. at 324. On a motion for summary judgment, the facts should be reviewed in the light most favorable to the nonmoving party. <u>See Matsushita Elec.Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986) (quoting <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962)).

The  first of the Underlying Actions was filed on May 31, 2006 and is captioned <u>Margaret M. Marino v. Kevin M. Bean, Bean Funeral Homes and Crematory, Inc. and Bean Funeral Homes and Cremation Services, Inc.</u>, No. 06-5600. The second action was filed that same day and is captioned <u>Wally A. Woytovich v. Kevin M. Bean, Bean Funeral Homes and Crematory, Inc. and Bean Funeral Homes and Cremation Services</u>, No. 06-5601. In the <u>Woytovich</u> action, Woytovich claims that Bean attacked him as follows:

"9.  Suddenly and without warning, Bean attacked Plaintiff by punching him in his face and head while accusing Plaintiff of causing his wife's death.

10.  Bean knocked Plaintiff to the ground and continued to punch him as aforesaid.

11.  When others, including but not limited to Margaret Marino, witnessed the aforesaid events, they attempted to intervene and protect Plaintiff from Bean.

12.  Bean then attacked Margaret Marino by punching her on the left side of the face and throwing her and/or violently pushing her against the wall of the building.

13.  After she crashed into the wall of the building, Margaret Marino fell to the floor.

14.  While Bean was assaulting Margaret Marino, Bean yelled the following at her: `You killed her and I am taking the body with me.'"

<u>See</u> Complaint at Exhibit B(1).

Woytovich asserts claims against Bean for intentional assault and battery, intentional infliction of emotional distress and against the remaining Defendants on a theory of vicarious liability. <u>Id</u>.

In the Marino action, Marino alleges that Bean attacked her as follows:

"9.  Suddenly and without warning, Bean attacked the Plaintiff by punching her in her face and head while accusing Woytovich of causing his wife's death.

10.  Bean then attacked Woytovich by striking him about the head area, at which time Plaintiff attempted to intervene and protect Woytovich from Bean.

11.  Bean then attacked Plaintiff again, repeatedly punching her on the left side of her head and elsewhere and throwing and/or violently pushing her against the wall of the building.

12.  After she crashed into the wall of the building, Plaintiff fell to the floor.

13.  While Bean was assaulting Plaintiff, Bean yelled the following at her: `You killed her and I am taking the body with me.'"

<u>See</u> Complaint at Exhibit B(2).

Marino asserts claims against Bean for intentional assault and battery, intentional infliction of emotional distress and against the remaining Defendants on a theory of vicarious liability.[1]

Plaintiff has refused to defend Bean in the Underlying Actions. Plaintiff has tendered a defense to the other Defendants under a reservation of rights.

The parties do not dispute that the insurance contract is governed by Pennsylvania law. See Frog, Switch & Mfg.Co. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d Cir. 1999)(citing Travelers Indemn.Co. v. Fantozzi ex rel. Fantozzi, 825 F.Supp. 80, 84 (E.D.Pa. 1993) (Pennsylvania conflict of laws principles dictate that an insurance contract is guided by the law of the state in which it is delivered).

Under Pennsylvania law, an insurer's duty to defend an insured in litigation is broader than the duty to indemnify in that the former duty arises whenever the allegations in the underlying complaint filed against the insured potentially fall within the policy's coverage. Lucker Mfg., Inc. v. Home Ins.Co., 23 F.3d 808, 813 (3d Cir. 1994)(emphasis added); Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins.Co., 589 Pa. 317, 908 A.2d 888 (Pa. 2006). The burden remains with the insurer unless the insurer is able to demonstrate that the complaint alleges factual liability which, if proved, does not fall within the scope of the policy. Id. "In determining the existence of a duty to defend, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured." Frog , Switch, 193 F.3d at 746.

---

[1] The parties have stipulated that on January 22, 2007, a Berks County jury found Bean guilty of one count of aggravated assault against a public official, 18 Pa.C.S. § 2402(a)(3), and two counts of simple assault under 18 Pa.C.S.§ 2701(a)(1). See, Exhibit 2 to Defendants' Response to Plaintiff's Motion for Summary Judgment.

Plaintiff argues that it is not required to defend or indemnify the Defendants because, based on the allegations contained in the Underlying Complaints,  the type of loss falls outside the Policy's grant of coverage. The Policy's grant of coverage is as follows:

**Coverage**

**1. Insuring Agreement**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

b. This insurance applies to "bodily injury"....only if:
(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**Definitions**

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

See Policy attached to Plaintiff's Complaint as Exhibit A at pp. 31, 46.

Plaintiff points out that the Policy applies to bodily injury only if the bodily injury was caused by an occurrence, and that an "occurrence" is defined in the Policy as an "accident". Plaintiff argues that since the allegations in the Underlying Complaints clearly involve only intentional conduct, not accidental conduct, the loss falls outside the Policy's grant of coverage and Plaintiff has no duty to defend in the Underlying Actions. The Court agrees.

It is well-settled in Pennsylvania that an intentional act, such as an assault, can never be deemed an accident for purposes of an insurance policy. See Gene's Restaurant, Inc. v. Nationwide Ins. Co., 519 Pa. 306, 548 A.2d 246, 247  (1988) ("Under this definition, an `occurrence` is an accident. The willful and malicious assault alleged in the complaint is not an accident but an

5

intentional tort. As such, it does not fall within the policy's grant of coverage and, therefore, the insurer owed no duty to defend."); Donegal Mutual Ins.Co. v. Baumhammers, 893 A.2d 797 (Pa. Super 2006); Germantown Ins. Co. v. Martin,, 407 Pa.Super 326, 595 A.2d 1172, 1174 (1991). The Underlying Complaints are completely devoid of any allegations of negligence or any other conduct which could be described as potentially  "accidental." Because the conduct alleged in the Underlying Complaints as referenced supra, can only be described as intentional, rather than accidental,  there is no coverage and Plaintiff does not have a duty to defend or indemnify the Defendants.

Defendants, however, argue that the Policy must be read as a whole and direct the Court's attention to the exclusion portion of the Policy, specifically, the following section:

**2.   Exclusions**

This insurance does not apply to:

**a.   Expected or Intended Injury.**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

See, Policy at p. 34.

Defendants contend that the "reasonable force to protect persons" exception to Exclusion 2a is triggered in the Underlying Actions. Such a reading of the policy by Defendants ignores the policy requisite that in order to have coverage in the first place there must have been an "occurrence" or "accident" which the conduct described by allegations in the four corners of the Underlying Actions could never be. See Gene's Restaurant, 519 Pa. at 310, n.1.Therefore, the grant of coverage section of the policy, not Exclusion 2a, is determinative of the duty to defend.[2]

_____

[2] Since the policy's grant of coverage and not an exception to an exclusion is determinative of
(continued...)

6

Finally, since Count III of the Underlying Complaints asserting a claim for vicarious liability is based entirely on the allegations of Beans' non-accidental conduct, Plaintiff does not have a duty to defend or indemnify the corporate defendants as well.

An appropriate Order follows.

---

[2](...continued)
the duty to defend, the Court need not, as Defendants urge, consider extrinsic evidence beyond the four corners of the Underlying Complaints in resolving the duty to defend. See  Air Products and Chemicals, Inc. v. Hartford Accident & Indemnity Company, 25 F.3d 177 (3d Cir. 1994).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


SELECTIVE INSURANCE COMPANY : CIVIL ACTION
OF SOUTH CAROLINA :
:
         Plaintiff :
  vs. : NO. 06-03828
:
BEAN FUNERAL HOMES AND :
AND CREMATORY, INC., et al :
:
        Defendants :


<u>ORDER</u>

AND NOW, this 31st day of March, 2008, upon consideration of the Plaintiff's

Motion for Summary Judgment and all responses and replies thereto, it is hereby ORDERED that the

Motion for Summary Judgment {Doc. #20} is GRANTED.

The Court declares that Plaintiff is not obligated to defend or indemnify Defendants

under Policy No. S 1389291 for the claims asserted by Wally A. Woytovich and Margaret M. Marino

in the underlying actions pending before the Court of Common Pleas of Berks County as Nos. 06-

5600 and 06-5601.

Judgment is ENTERED in favor of the Plaintiff and against the Defendants.

The Clerk is DIRECTED to mark this case closed for statistical purposes.

BY THE COURT:


/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.

8